UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| Debra Huron and Laura Wright, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>Jo-Ann Stores, Inc.,<br><br>Defendant. | Civil Action No.: _____<br><br><br><br><br>**CLASS ACTION COMPLAINT** |

For their Class Action Complaint, Plaintiffs Debra Huron ("Huron") and Laura Wright ("Wright" and with Huron, "Plaintiffs") by and through their undersigned counsel, pleading on their own behalf and on behalf of all others similarly situated, states as follows:

**INTRODUCTION**

1. Plaintiffs bring this class action for damages resulting from the illegal actions of Jo-Ann Stores, Inc. ("Jo-Ann Stores"). Defendant sent unauthorized text messages to Plaintiffs' cellular phones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Wireless spam is a growing problem in the United States. In April 2012, the Pew Research Center found that 69% of texters reported receiving unwanted spam text messages, while 25% reported receiving spam texts weekly. http://www.pewinternet.org/fact-sheets/mobile-technology-fact-sheet/ (last visited February 9, 2016); *see also* Nicole Perlroth, Spam Invades a Last Refuge, the Cellphone, N.Y.Times, April 8, 2012, at A1 ("In the United States, consumers received roughly 4.5 billion spam texts [in 2011], more than double the 2.2 billion received in 2009 . . . .").

1

3. Jo-Ann Stores is a retailer and marketer of craft goods, fabrics and services. In an effort advertise its products and services, Defendant sent automated text messages to consumers marketing exclusive sales deals and discounts by email and text messaging. As part of the text messaging campaign, Defendant sent Plaintiffs and other consumers automated telemarketing text messages without obtaining clear and conspicuous prior express written consent as required by the TCPA.

4. The telemarketing messages were sent to consumers' cell phones by or on behalf of Defendant using a fully automated system. The messages were unauthorized and not sent for emergency purposes. Accordingly, Defendant's messages violated the TCPA.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Wright resides in this District and a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

7. Huron is, and at all times mentioned herein was, an adult individual residing in Brigantine, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(39).

8. Wright is, and at all times mentioned herein was, an adult individual residing in Hanover, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(39).

9. Jo-Ann Stores is an Ohio business entity organized as an LLC with a headquarters in Hudson, Ohio. It is a "person" as defined by 47 U.S.C. § 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

10. The TCPA regulates, among other things, the use of automated telephone dialing systems ("ATDS").

11. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

12. 47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
(B) to dial such numbers.

13. "Prior express written consent" is required before making automated telemarketing calls, meaning there must be a written agreement, signed by the person receiving the call or text, with a "clear and conspicuous disclosure" that specifically authorizes the seller to send telemarketing communications using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200.

14. The FCC has clarified that text messages qualify as "calls" under the TCPA:

> We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the party is charged." This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003); *see Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

15. Defendant has been sending repeated, unsolicited marketing text messages to the Plaintiffs' cellular telephone numbers, XXX-XXX-8117 (Huron), and XXX-XXX-2457 (Wright). True and correct copies of some of the text messages received by Plaintiffs from Defendant are produced below:



16. Defendant's text messages to Plaintiffs advertised promotions for the sale of Jo-Ann Stores goods.

17. Defendant's text messages did not include an automated mechanism through which the Plaintiffs, or any consumer, could reply "stop" to force the texts to cease.

18. Plaintiffs never provided Defendant with their cell phone numbers or their prior express consent to call their cell phone numbers with automated text messages.

19. The text messages received by Plaintiffs were fully automated. The content of the messages received by Plaintiffs was not individualized to Plaintiffs in any way. The exact same

text messages were automatically sent to thousands of consumers as a part of the pre-planned telemarketing campaign.

20. The text messages sent to Plaintiffs' cellular phones were made with an ATDS as defined by 47 U.S.C. § 227(a)(1). The ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. The telephone numbers messaged by Defendant were assigned to cellular telephone services for which Plaintiffs incur charges for incoming messages pursuant to 47 U.S.C. § 227(b)(1).

22. The messages from Defendant to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiffs have received hundreds of such text messages. The messages are annoying, frustrating to the Plaintiffs and are an invasion of their privacy.

## CLASS ACTION ALLEGATIONS

### A. The Class

24. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all others similarly situated.

25. Plaintiffs represent, and are members of the following class:

**All persons within the United States who did not provide Defendant clear and conspicuous prior express written consent to send automated telemarketing text messages and who received one or more automated telemarketing text messages, from or on behalf of Defendant, to said person's cellular telephone, made through the use of any automatic telephone dialing system within four years prior to the filing of the Complaint**

26. Defendant and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the class members number in the tens of thousands, if not more. Thus, this matter should be certified as a class action to assist in

the expeditious litigation of this matter.

## B. Numerosity

27. Upon information and belief, Defendant sent automated telemarketing text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## C. Common Questions of Law and Fact

29. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant sent non-emergency text messages to Plaintiffs and Class members' cellular telephones using an ATDS;

   b. Whether Defendant can meet its burden of showing it obtained prior express written consent to send each message;

   c. Whether Defendant's conduct was knowing and/or willful;

   d. Whether Defendant are liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from such conduct in the future.

30. The common questions in this case are capable of having common answers. If Plaintiffs' claim that Defendant routinely send automated text messages to telephone numbers assigned to cellular telephone services without prior express written consent is accurate, Plaintiffs and the Class members will have identical claims capable of being efficiently

adjudicated and administered in this case.

**D. Typicality**

31.     Plaintiffs' claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

32.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

**F. Proceeding via Class Action is Superior and Advisable**

33.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

34.     Management of this class action is unlikely to present any difficulties.  Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

**COUNT I**
**Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227,** *et seq.*

35.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and

incorporate them herein by reference.

36. Defendant sent multiple automated text messages to cellular numbers belonging to Plaintiffs and the other members of the Class without their prior express written consent.

37. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA.

38. Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Additionally, Plaintiffs and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

40. Plaintiffs and the Class are also entitled to and do seek a declaration that:

    a. Defendant violated the TCPA;

    b. Defendant placed telemarketing text messages; and

    c. Defendant placed text messages to the Plaintiffs and the Class without prior express written consent.

**COUNT II**
**Knowing and/or Willful Violations of the**
**Telephone Consumer Protection Act,**
**47 U.S.C. § 227, *et seq.***

41. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

42. Defendant knowingly and/or willfully sent multiple automated text messages to cellular telephone numbers belonging to Plaintiffs and the other members of the Class without their prior express consent.

43. Each of the aforementioned messages by Defendant constitutes a knowing and/or willful violation of the TCPA.

44. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiffs and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Additionally, Plaintiffs and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

46. Plaintiffs and the Class are also entitled to and do seek a declaration that:

   a. Defendant knowingly and/or willfully violated the TCPA;

   b. Defendant knowingly and/or willfully placed telemarketing text messages to Plaintiffs and the Class;

   c. Defendant knowingly and/or willfully obtained the telephone numbers of non-customers;

   d. Defendant willfully placed telemarketing text messages to non-customers such as Plaintiffs and the Class, knowing they did not have prior express written consent to do so; and

   e. It is Defendant's practice and history to place telemarketing text messages to non-customers without their prior express consent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant Plaintiffs and the Class the following relief against Defendant as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Declaratory relief as requested;

3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

5. An award of attorneys' fees and costs to counsel for Plaintiff; and

6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 16, 2016

>Respectfully submitted,
>PLAINTIFFS, LAURA WRIGHT AND DEBRA HURON
>
>By: /s/ Sofia Balile
>Sofia Balile, Esq.
>LEMBERG LAW, L.L.C.
>43 Danbury Road, 3rd Floor
>Wilton, CT 06897
>Telephone: (203) 653-2250
>Facsimile: (203) 653-3424
>*Attorneys for Plaintiffs*